FILED
APR 0 2 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAWRENCE WILDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **09 0615** |
| ) | |
| UNITED STATES MERIT SYSTEMS ) | |
| PROTECTION BOARD, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

It appears that plaintiff suffers from a mental illness and that his illness was a factor in the events leading to his removal from federal service in May 1997. Apparently plaintiff challenged his removal by filing an appeal to the United States Merit Systems Protection Board ("MSPB"), and, in this action, he alleges that the MSPB "damaged [his] opportunity to appeal his case." Compl. at 2. Specifically, he alleges that the MSPB "falsely accus[ed] him of threatening [an] Administrative Law Judge," barred him from the building, and otherwise harassed him and "violate[d] [his] rights provided by the Rehabilitation Act and the Americans with Disabilities Act." *Id.* Plaintiff demands damages in the amount of $101,180,973. *Id.*

"[T]o the extent Plaintiff is challenging the procedures by which he achieved satisfaction of his employment termination claim, these procedures are governed by the [Civil Service Reform Act], which vests exclusive jurisdiction in the MSPB and the [United States Court of

Appeals for the] Federal Circuit." *Wexler v. Merit Systems Protection Bd.*, 986 F.2d 1432 (10th Cir. 1993) (table). Plaintiff's challenge to the substantive and procedural decisions made by the MSPB in handling his case "should proceed along the heretofore universally accepted route of judicial review, not through a collateral attack raised in the district court." *Arakawa v. Reagan.* 666 F. Supp. 254, 257 (D.D.C. 1987). The United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction" over appeals from "a final order or final decision" of the MSPB, 28 U.S.C. § 1295(a)(9), and the Supreme Court of the United States has jurisdiction to review any decision of a United States Court of Appeals. 28 U.S.C. § 1254.

The Court will therefore dismiss the instant complaint for lack of subject matter jurisdiction. *See Miller v. Roberts*, 548 F. Supp. 2d 1227, 1232 (N.D. Okla. 2008) (dismissing a claim against the MSPB because "exclusive jurisdiction over [the plaintiff's] claim against the MSPB lies with the United States Court of Appeals for the Federal Circuit"); *Wexler v. Merit Systems Protection Bd.*, 986 F.2d at 1432; *Arakawa*, 666 F. Supp. at 257. An Order accompanies this Memorandum Opinion.

/s/ 
United States District Judge

DATE: March 23, 2009